**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STUART SANDROCK,

             Plaintiff - Appellant,

  v.

SHOE, M.D.; et al.,

             Defendants - Appellees.

No. 10-56995

D.C. No. 3:10-cv-00825-H-WMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

     Stuart Sandrock, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and retaliation.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust); *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001) (Fed.R.Civ.P. § 12(b)(6) dismissal). We affirm.

The district court properly dismissed Sandrock's medical claims because Sandrock failed to exhaust administrative remedies or demonstrate that he was prevented from exhausting his administrative remedies as to these claims. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court properly dismissed Sandrock's retaliation claims because, even assuming he exhausted these claims, Sandrock failed to connect the alleged acts of retaliation with the exercise of his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim).

Sandrock's remaining contentions are unpersuasive.

**AFFIRMED.**